HARDY, Judge.
This is a compensation suit and plaintiff has appealed from judgment rejecting his claims for total and permanent disability.
Plaintiff, a twenty-four year old welder, was injured in an accident while engaged in the duties of his employment on November 16, 1963. While assisting some of his fellow-employees in lifting the tail gate of a truck, plaintiff sustained an injury to his back which he contends has resulted in total and permanent disability. Compensation payments at the maximum rate were made for a period of approximately fifteen months from the date of the accident to February 15, 1965, on which date they were discontinued.
The issue presented by this appeal is factual, and we agree with plaintiff’s *102 counsel that the test is whether plaintiff is able to return to and perform his customary duties as a welder of heavy machinery. Trial of the case was had over a period of four days and upon termination of trial the district judge dictated his reasons for judgment into the record. Generally stated, it was his conclusion that plaintiff had failed to support his demands by the requisite preponderance of the evidence. The judge commented on both the expert medical and the lay testimony and was of the opinion that the evidence preponderated in favor of defendants.
The voluminous recoi’d contains the extensive testimony of a number of medical experts. Plaintiff tendered the testimony of Drs. Tucker, Faludi and Overdyke, respectively a general surgical practitioner, a neui’osurgeon and an orthopedist. The testimony of Dr. Tucker, the surgeon, was to the effect that he examined plaintiff in December of 1963 and tentatively diagnosed his injury as a rupture of the intervertebral disc between the 4th and 5th interspaces. This witness was present as an obseiwer at an operation performed in February, 1964, and was of the opinion that the operation disclosed a possible flattening of the lumbar nerve but did not evidence any disc degeneration. Dr. Tucker treated plaintiff on some twenty-five occasions at various times between the date of the accident and the trial in April, 1965. This witness testified that despite his opinion as to a flattening of the nerve root, he would defer to the opinions of the Drs. King and Fox, both orthopedic specialists, who testified on behalf of defendants. In or about the month of June, 1964, Dr. Tucker referi’ed plaintiff to Dr. Overdyke, an orthopedic specialist, who made examinations on June 25, October 20 and December 1st. Dr. Overdyke gave his opinion that plaintiff was disabled from returning to the type of manual labor in which he had been engaged at the time of the accident, but the examination of the witness on trial established the fact that his findings and conclusions were largely based upon the history given by plaintiff and were not substantially supported by any objective developments in the coui’se of his examination. The testimony of Dr. Faludi related to his only examination of plaintiff made on January 18, 1965, upon the basis of which it was his opinion that plaintiff could be suffering a flattened root of the fifth lumbar nerve. Again it should be observed that this opinion was affected by plaintiff’s history and subjective complaints.
On February 28, 1964, an exploratoi’y operation was performed by Dr. Fox, assisted by Dr. King, which operation, as above noted, was observed by Dr. Tucker. A portion of the lamina of L-4 and L-5 was removed in the course of this operation, but, in the opinion of the operating specialists, the procedure disclosed no injury which would justify a conclusion of pei’manent disability. We think these witnesses had by far the best opportunity for specific observation of plaintiff’s condition. Dr. Fox testified that he first examined plaintiff on November 21, 1963; that he later examined a lumbar myelogram which he considered to be normal and which, in the opinion of the radiologist, was negative as to indication of injury; that he perfox’med the operation described, dischai’ged plaintiff from the hospital some eight days later on March 6th, made further examinations on April 3rd, May 16th and May 29th without objective findings. The witness had also examined plaintiff on May 20th but this was in connection with an automobile accident in which plaintiff had been involved on May 19th. Upon the basis of the surgical procedure and his subsequent examinations, Dr. Fox was of the opinion that plaintiff suffered no residual disability; no disc involvement, nor any spondylolysis, and was able to return to work as of June 9, 1964.
Dr. King, who assisted in the operation, made an examination of plaintiff on July 10, 1964, and was of the opinion that he was able to return to work.
Dr. Young, the court-appointed orthopedic specialist, examined plaintiff on November 10, 1964, and later examined the X-rays *103 made by Dr. Overdyke on December 19, 1964, and made a final examination on January 12, 1965. Dr. Young made a report, a supplementary report and a final report to the court, the gist of these reports being that plaintiff did not suffer permanent disability and would be able to return to work, at the latest, by February, 1965.
After careful study of the medical testimony which is briefly summarized above, we are of the opinion that it not only fails to establish plaintiff’s claim of permanent total disability with any reasonable degree of certainty, but, on the contrary, preponderates heavily against such a contention.
Under this conclusion, while it is unnecessary to consider the lay testimony, we think it desirable to add a few comments. Plaintiff can find little comfort as the result of an evaluation of the testimony of the lay witnesses. It is pertinent to note that the testimony of plaintiff himself was woefully unsatisfactory and disclosed a number of discrepancies and inconsistencies which militate strongly against the acceptance of his claim. Nor was he aided by the testimony of other lay witnesses. A great deal of this lay testimony was devoted to plaintiff’s denial that he had done any sort of manual labor since the time of his accident. We think the testimony of plaintiff and some of his witnesses is open to serious question as to credibility, and, indeed, is completely overcome by the more consistent and reliable testimony of witnesses for defendant. Two trained investigators testified on trial as to their observations of plaintiff, and particularly with respect to the circumstances of his activity as shown by a motion picture film. The pictures showed plaintiff moving normally, without apparent effort, strain or any indication of pain or discomfort, even in the course of bending, stooping and lying upon and maneuvering a mechanic’s creeper underneath an automobile. This court had an opportunity to consider and comment upon motion pictures of a compensation claimant in Delery v. Scoggins (La.App., 2nd Cir., 1943), 13 So.2d 391. The opinion of the district judge, quoted and approved by this court, contained the pertinent statement that the moving picture
“ * * * not only fails to show that plaintiff is not disabled but clearly shows that the plaintiff does not have the free use of his body, and especially when he leaned down to pick up his stick was it apparent to the Court that his body was very rigid. * * * ”
In the case before us, as we have above commented, the motion picture shows plaintiff moving freely, easily and without any indication of disability, in any number of physical actions which could hardly have been so readily performed by one suffering from total disability due to a back injury.
After careful study of the entire record, we are firmly convinced that plaintiff has substantially failed to establish his claim either by the medical or lay testimony, both of which preponderate against the acceptance of his claim.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost